IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACQUELINE R. HUMPHRIES,<br>    *Plaintiff,* | : <br> : <br> : | |
| v. | : <br> : | CIVIL ACTION NO. 24-CV-4184 |
| U.S. DEPARTMENT OF HOUSING &<br>URBAN DEVELOPMENT, *et al.*,<br>    *Defendants.* | : <br> : <br> : | |

## MEMORANDUM

**Pappert, J.**                                                                                                                              December 4, 2024

      Jacqueline R. Humphries, a Virginia resident, filed a *pro se* Complaint raising various claims related to her housing. Specifically, she asserts claims under the Americans with Disabilities Act and Rehabilitation Act against Defendants for denying her reasonable accommodations with respect to the investigation of her discrimination complaints. Humphries seeks leave to proceed *in forma pauperis*. For the following reasons, the Court will grant Humphries leave to proceed *in forma pauperis* and dismiss the Complaint in its entirety.

I

      Humphries names several Defendants including the U.S. Department of Housing and Urban Development, and its employees, Matthew Heckle (identified in the Complaint as a Regional Manager), Rachel Leith (identified as a "Director of Enforcement Officer"), Adrianne Todman (identified as the Acting Director), Ruben Colon Quiniones (identified as an Officer in the Office of Fair Housing and Equal Opportunity ("FHEO")), Bianca Graham (identified as an FHEO Officer), Bradley Hellman (identified as an FHEO Officer), Carolyn Punter (identified as an FHEO

Director), Jeffrey Phaup (identified as an FHEO Enforcement Officer/Conciliation Investigator), Erik L. Steinecker (identified as an HUD Official for the Violence Against Women Act), Christopher M. Fontanesi (identified as an Officer with the Office of Inspector General), Lisa-May L. Belarbia Ferrah (identified as an FHEO Officer), and Richard Lew (identified as an FHEO Officer). (*See* ECF No. 2 ("Compl.") at 1, 3-6.)[1] All of the HUD employees are sued in their individual capacities. (*Id.* at 1.)

Humphries's allegations are somewhat disjointed and difficult to comprehend. The Court understands her to be asserting claims based on Defendants' alleged denial of "ADA Reasonable Accommodations" during their investigation of online discrimination complaints made by Humphries against the Fairfax County Redevelopment and Housing Authority ("FCRHA"), the Alexandria Redevelopment and Housing Authority ("ARHA"), HADEN,[2] and Oakcrest Towers.[3] (*Id.*) Humphries avers that she filed an online 903 Complaint Form[4] regarding these four entities with HUD, "but the HUD Denied all ADA Reasonable Accommodations, Ignored, Dismissed or Failed to Investigate as under 42 USC 2601," causing Humphries to have to "fight in a court of law alone with Memory Loss, Confusion, Brain Injuries, Uncontrollable Blood

---

[1] The Court adopts the pagination assigned to the Complaint by the CM/ECF system.

[2] According to its website, the Haden is a high-rise luxury apartment complex located in McLean Virginia. *See* Haden, https://livehaden.com/ (last visited November 22, 2024).

[3] According to its website, Oakcrest Towers is an apartment community located in Prince George County, Maryland. See Oakcrest Towers, https://oakcresttowers.com/ (last visited November 22, 2024).

[4] A HUD 903 complaint form is a document that allows individuals to file a housing discrimination complaint with HUD. The form may be completed online or mailed into the regional FHEO Office. *See* U.S. Department of Housing and Urban Development, Report Housing Discrimination, https://www.hud.gov/fairhousing/fileacomplaint (last visited November 22, 2024).

2

Pressure, COV19 Respiratory problems, living with Anxiety & Depression from Stalking by three men involved in an unrelated case." (*Id.* at 2.)

Humphries contends that "[e]ach defendant" contacted her and "demanded she participate in their phone call investigations" and when she requested to respond in writing or "have her conversations by Electronic communication under the ADA Auxiliary Equipment" as accommodation for her disabilities, "the FHEO Officers 'Denied her ADA requests, harassed and threaten[ed]'" her that if she didn't participate in their telephone conversations, "they would Terminate her Complaint." (*Id.*) Humphries avers that even though she timely answered all of the questionnaires, the "HUD FHEO Officers, Failed to file Housing & VAWA Discrimination Charges" against the FCHRA, AHRA, HADEN, and Oakcrest Towers, causing her "to be Illegally Evicted and now Chronically Homeless." (*Id.* at 3.)

In short, Humphries contends that "each HUD FHEO Officer Defendant" contacted her by phone and when she "requested her ADA Reasonable Accommodations (To Respond by Electronic Delivery) . . . the Defendants, closed, terminated, attempted to Coerce her to Close her FHEO and VAWA complaints and ignored her complaints, leaving her Chronically Homeless since April 6, 2023." (*Id.* at 3, 6-7.) She further avers that the Defendants failed to investigate her complaints and did not file charges of housing and VAWA discrimination to keep her "Homeless because she is Disabled, Black, and Elderly and filed a Federal Claim of Stolen Social security Income under Racketeering, Money Laundering against the HUD and the FCHRA, AHRA and HAED & Oakcrest Apartments." (*Id.* at 3, 6-7.)

3

Based on the foregoing allegations, Humphries asserts claims pursuant to the ADA and Section 504 of the RA.  (*Id.* at 1.)  She also cites to 42 U.S.C. § 1983, 18 U.S.C. §§ 241 and 242, the Fair Housing Act, and miscellaneous Federal Regulations.  (*Id.* at 6-7.)  Humphries alleges that she has suffered mental injuries including anxiety, and she seeks compensatory and punitive damages because as a disabled elder, she was denied "President Biden's Continuum of Care, the American Rescue Plan, Rapid Rehousing, 24 CFR 578."  (*Id.* at 6.)  She also seeks reimbursement of her social security income in the amount of $118,900.00, as well as hotel and storage fees.  (*Id.*)

## II

The Court will grant Humphries leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action.  Accordingly, 28 U.S.C. § 1915€(2)(B) requires the Court to dismiss the Complaint if, among other things, it fails to state a claim.  Whether a complaint fails to state a claim under § 1915€(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021).  "At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds*

4

*recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678.

Also, when allowing a plaintiff to proceed *in forma pauperis*, the Court must review the pleadings and dismiss the matter if it determines, *inter alia*, that the action fails to set forth a proper basis for this Court's subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Group Against Smog and Pollution, Inc. v. Shenango, Inc.*, 810 F.3d 116, 122 n.6 (3d Cir. 2016) (explaining that "an objection to subject matter jurisdiction may be raised at any time [and] a court may raise jurisdictional issues *sua sponte*"). A plaintiff commencing an action in federal court bears the burden of establishing federal jurisdiction. *See Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 105 (3d Cir. 2015) ("The burden of establishing federal jurisdiction rests with the party asserting its existence." (citing *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 n.3 (2006))). Because Humphries is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

III

Humphries asserts claims against HUD and several HUD employees. "[T]he United States, as sovereign, is generally immune from suits seeking money damages." *Dep't of Agric. Rural Dev. Rural Hous. Serv. V. Kirtz*, 601 U.S. 42, 48 (2024) (citing *United States v. Testan*, 424 U.S. 392, 399 (1976)). Congress, however, may choose to

5

waive that immunity.  *Id.*  "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit."  *FDIC v. Meyer*, 510 U.S. 471, 475 (1994).

A

Humphries alleges that "HUD HAS NEVER GRANTED ANY ADA ACCOMODATION" and allowed the FCHRA, AHRA, HADEN, and Oakcrest to deny "ADA Reasonable accommodations."  (Compl. at 6-7.) (emphasis in original).  Although Humphries did not specifically identify which section of the ADA provides the basis for her claims, the Court understands Humphries to be asserting a claim under Title II of the statute.  Title II "bars disability discrimination in the services, programs, or activities of a 'public entity,' defined as a state or local government, its agencies or instrumentalities, and the National Railroad Passenger Corporation or any commuter authority."  *Datto v. Harrison*, 664 F. Supp. 2d 472, 486 (E.D. Pa. 2009); *Emory v. U.S. Dep't of Hous. & Urban Dev.*, No. 05-671, 2006 WL 8451336, at *4 (D. Haw. Aug. 31, 2006) (citations omitted).  However, the ADA "does not apply to the federal government, its agencies or employees," and therefore, the United States is immune from suit.  *See* 42 U.S.C. § 12132; 42 U.S.C. § 12111(5)(B); *Smith v. Pallman*, 420 F. App'x 208, 214 (3d Cir. 2011); *Venter v. Potter*, 435 F. App'x 92, 95 n.1 (3d Cir. 2011) (stating "the entire federal government is excluded from the coverage of the ADA"); *United States v. Wishart*, 146 F. App'x 171, 173 (9th Cir. 2005) ("By definition, the ADA does not apply to the federal government."); *Luna v. Roche*, 89 F. App'x 878, 881 n.4 (5th Cir. 2004) (same); *Dyrek v. Garvey*, 334 F.3d 590, 597 n.3 (7th Cir. 2003) (same); *Sarvis v. United States*, No. 99-318, 2000 WL 1568230, at *2 (2d Cir. 2000) (same); *Whooten v. Bussanich*, No. 04-223, 2005 WL 2130016, at *7 (M.D. Pa. Sept. 2, 2005) (stating the

ADA does not contain a waiver of sovereign immunity so it does not apply to the federal government); *Wilson v. MVM, Inc.*, No. 03-4514, 2004 WL 765103, at *11 (E.D. Pa. Apr. 1, 2004) (noting the ADA does not apply to any agency or branch of the federal government). "Therefore, the federal government is not subject to Title II of the ADA, and Title II provides no cause of action against [HUD]." *Emory*, 2006 WL 8451336, at *4 (citing *Gray v. United States*, 69 Fed. Cl. 95, 101 n.5 (2005) ("had [the plaintiff] sought relief against the United States under Title II of the ADA, . . . no court would have been able to exercise subject-matter jurisdiction over the matter")); *Ramos v. Raritan Valley Habitat for Human.*, No. 16-1938, 2019 WL 4316575, at *5 (D.N.J. Sept. 12, 2019). Therefore, all ADA claims against HUD will be dismissed.

To the extent that Humphries asserts any ADA claims against the individual Defendants, her claims will be dismissed because Title II of the ADA does not provide for individual liability. *See Kokinda v. Pennsylvania Dep't of Corr.*, 779 F. App'x 938, 942 (3d Cir. 2019) (*per curiam*) ("Kokinda's claims for individual damages liability under Title II of the ADA fail for the simple reason that there is no such liability."); *Bowens v. Wetzel*, 674 F. App'x 133, 136 (3d Cir. 2017) (*per curiam*) ("[T]he District Court could have properly followed the holdings of those circuits which have concluded that there is no individual damages liability under Title II of the ADA, which provides an additional basis to affirm the dismissal of this claim.").

B

Because Humphries also cites the Rehabilitation Act, the Court understands her to be asserting a claim pursuant to Section 504 of the Act, 29 U.S.C. § 794. Under that Section, "[n]o otherwise qualified individual with a disability in the United States . . .

shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a). Like the ADA, the RA does not waive the federal government's sovereign immunity in the context of this case. *See Dorsey v. U.S. Dep't of Labor*, 41 F.3d 1551, 1555 (D.C. Cir. 1994) (dismissing plaintiff's claims because he was "unable to point to any explicit language in the Rehabilitation Act . . . waiving the government's sovereign immunity"); *Sarvis v. U.S.*, No. 99-318, 2000 WL 1568230, at *2 (2d Cir. 2000) ("Congress has not waived the Federal Government's sovereign immunity against awards of money damages for § 504[ ] violations, except where a federal agency is acting as a *'Federal provider' of financial assistance.*") (citing *Lane v. Pena*, 518 U.S. 187, 193 (1996) ) (emphasis in original).[5] Accordingly, Humphries cannot assert monetary damages against HUD under the RA. Any RA claims against the individual Defendants will also be dismissed because the RA does not permit individual liability. *See A.W. v. Jersey City Pub. Sch.*, 486 F.3d 791, 804 (3d Cir. 2007) (stating that "suits may be brought pursuant to Section 504 against recipients of federal financial assistance, but not against individuals").

C

Humphries avers that under 42 U.S.C. § 3601, "the HUD has Jurisdiction to Investigate FHEO Housing Discrimination and Failed to do so." (Compl. at 6.) She further avers that the failure to investigate was done in conspiracy "to Conceal the Theft of Social Security Income." (*Id.* at 7.) The FHA "prohibits housing discrimination

---

[5] Congress's limited waiver is not applicable here since Humphries's claims do not relate to HUD's funding activities.

on the basis of, *inter alia*, race, gender, and national origin." *431 E. Palisade Ave. Real Est., LLC v. City of Englewood*, 977 F.3d 277, 283 (3d Cir. 2020); *see also* 42 U.S.C. § 3604(b). The Fair Housing Amendments Act ("FHAA"), which was adopted by Congress in 1988, extended FHA protections to individuals with disabilities. *Id.*; *see also* 42 U.S.C. § 3604(f).

Humphries contends that HUD failed to investigate and file discrimination charges with respect to the 903 Complaint Forms she filed online. (Compl. at 2-3.) But the FHA provides no such right of action, either express or implied, against HUD. *See Turner v. Sec'y of U.S. Dep't of Hous. & Urban Dev.*, 449 F.3d 536, 540 (3d Cir. 2006) (citing *Godwin v. Sec'y of Hous. and Urban Dev.*, 356 F.3d 310, 312 (D.C. Cir. 2004) (*per curiam*) (holding that while the FHA authorizes judicial review when HUD charges discriminatory housing practices, it confers no right of review when HUD fails to issue a charge; hence a federal court lacks jurisdiction over an action for such review); *Moore v. Cap. Realty Grp., Inc.*, No. 21-1099, 2022 WL 2117760, at *2 (W.D.N.Y. June 13, 2022) (citing *Morales v. Related Mgmt. Co.*, 2015 WL 7779297, at *9 (S.D.N.Y. Dec. 2, 2015) ("To the extent that [the] [p]laintiff alleges that the [f]ederal [d]efendants violated his rights under the FHA, this claim fails because the statute provides no express or implied right of action against HUD or its officers.")); *Marinoff v. U.S. Dep't of Hous. & Urban Dev.*, 892 F. Supp. 493, 496 (S.D.N.Y. 1995) (the FHA does not authorize private actions against HUD for alleged failure adequately to investigate a claim of discrimination, because "the FHA provides no express or implied right of action against HUD"), *aff'd*, 78 F.3d 64 (2d Cir. 1996)); *Franklin v. Jersey City Hous. Auth.*, No. 23-2002, 2024 WL 3841862, at *3 (D.N.J. Aug. 16, 2024) (citing *Delgado v. Morris*

9

*Cnty. Hous. Auth.*, No. 18-15092, 2018 WL 5962478, at *4 (D.N.J. Nov. 13, 2018)). Accordingly, Humphries's claims asserting the HUD Defendants violated the FHA by failing to adequately investigate her online complaints fail as a matter of law and will be dismissed.

D

Humphries cites federal criminal statutes in her Complaint, namely 18 U.S.C. §§ 241 and 242. These sections establish criminal liability for certain deprivations of civil rights and conspiracy to deprive civil rights. *Molina v. City of Lancaster*, 159 F. Supp. 2d 813, 818 (E.D. Pa. 2001); *Figueroa v. Clark*, 810 F. Supp. 613, 615 (E.D. Pa. 1992); *see United States v. Philadelphia*, 644 F.2d 187 (3d Cir. 1980) (declining to create civil remedy under 18 U.S.C. §§ 241 and 242). However, a plaintiff cannot bring criminal charges against defendants through a private lawsuit, and these sections also do not give rise to a civil cause of action. *U.S. ex rel. Savage v. Arnold*, 403 F. Supp. 172 (E.D. Pa. 1975).

Humphries also appears to assert a claim pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court against state actors. *West v. Atkins*, 487 U.S. 42, 48 (1988). To the extent that Humphries asserts any constitutional claims against HUD and HUD employees under § 1983, those claims will be dismissed because § 1983 is reserved for claims against state officials and HUD is a federal agency. *See Cunningham v. U.S. Dep't of Hous. & Urb. Dev.*, No. 23-534, 2023 WL 2955895, at *4 (E.D. Pa. Apr. 14, 2023) (citing *Faylor v. Szupper*, 411 F. App'x. 525, 530 (3d Cir. 2011) (*per curiam*) (affirming dismissal of § 1983 claims against HUD officials because they were "acting pursuant to federal law"

not state law and thus "cannot be liable under 1983"). *See also Alvarez v. HUD*, No. 22-3631, 2022 WL 5221357, at *2 n.4 (E.D. Pa. Oct. 5, 2022) (dismissing § 1983 claims against HUD). Accordingly, Humphries's § 1983 claims will be dismissed with prejudice.

To the extent Humphries seeks to assert constitutional claims against the named Defendants, all of whom are federal actors, the basis for asserting a constitutional claim against a federal official is *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 392 (1971). However, because claims for monetary damages against HUD are barred by the doctrine of sovereign immunity, any constitutional claims against HUD will be dismissed with prejudice. *See Cunningham*, 2023 WL 2955895, at *5 (citations omitted). To the extent that Humphries seeks to pursue a *Bivens* claim against the individual Defendants, her Complaint is bereft of *any* non-conclusory allegations indicating discriminatory motivation for any actions or inaction taken by them. In fact, Humphries's only allegation is that the Defendants refused to file discrimination charges because she is "Disabled, Black, and Elderly and filed a Federal Claim of Stolen Social security Income under Racketeering, [and] Money Laundering against the HUD." (Compl. at 3.) Assuming that such a claim is even cognizable in the *Bivens* context,[6] Humphries's conclusory statements are insufficient

---

[6] It is highly unlikely that Humphries would be able to state a *Bivens* claim. *Bivens* provides a judicially recognized damages remedy for constitutional violations committed by federal actors in highly limited circumstances. *Egbert v. Boule*, 596 U.S. 482, 486 (2022); *Ziglar v. Abbasi*, 582 U.S. 120, 130-31 (2017). Since *Bivens* was decided in 1971, the Supreme Court "has repeatedly refused to extend *Bivens* actions beyond the specific clauses of the specific amendments [of the Constitution] for which a cause of action has already been implied, or even to other classes of defendants facing liability under those same clauses." *Vanderklok v. United States*, 868 F.3d 189, 200 (3d Cir. 2017); *see Egbert*, 596 U.S. at 501. The Supreme Court has recognized an implied private action against federal officials in only three cases: (1) *Bivens* itself, which recognized an implied cause of action

11

to state a plausible discrimination claim. *Iqbal*, 556 U.S. at 678. Moreover, to be held liable under *Bivens,* the official must have participated personally in the alleged wrongdoing. *Id.* at 675-677 ("Because vicarious liability is inapplicable to *Bivens* ... suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). Humphries has not alleged the personal involvement of any individual Defendants with respect to any discrimination claims.

Further, to the extent that Humphries claims that HUD or any of its employees failed to comply with HUD rules or regulations, *e.g.,* 42 U.S.C. § 1437 (*see* Compl. at 7), neither the statutes governing HUD, nor the regulations HUD promulgates confer a private right of action. *See Spieth v. Bucks Cnty. Hous. Auth.*, 594 F. Supp. 2d 584, 592 (E.D. Pa. 2009); *Lewis v. Wheatley*, 528 F. App'x 466, 467-68 (6th Cir. 2013) (affirming dismissal of tenants' claims "that they suffered from health problems stemming from the presence of mold and microbiological contaminants in their apartment" because § 1437 was "merely a policy statement" and § 1437 otherwise "bel[ayed] any intent to create rights enforceable by individual tenants" (citations omitted)).

---

for violation of the Fourth Amendment's right against unreasonable searches and seizures; (2) *Davis v. Passman*, 442 U.S. 228 (1979), which recognized a claim for gender discrimination in the employment context under the Fifth Amendment's Due Process Clause; and (3) *Carlson v. Green*, 446 U.S. 14 (1980), which recognized a claim against prison officials for inadequate medical care in the prison context under the Eighth Amendment. *See Dongarra v. Smith*, 27 F.4th 174, 180 (3d Cir. 2022). "To preserve the separation of powers, the Court has 'consistently rebuffed' efforts to extend *Bivens* further . . . [because] [t]he Constitution entrusts Congress, not the courts, with the power to create new federal causes of action and remedies." *Id.* (citing *Hernandez v. Mesa*, 589 U.S. 93, 101 (2020)); *see also Xi v. Haugen*, 68 F.4th 824, 832 (3d Cir. 2023) ("In the fifty-two years since *Bivens* was decided, . . . the Supreme Court has pulled back the reins to what appears to be a full stop and no farther."). Humphries's Complaint appears to be improperly advocating for an extension of *Bivens* liability into a new context.

IV

For the foregoing reasons, the Court will grant Humphries leave to proceed *in forma pauperis* and dismiss her Complaint in its entirety. The ADA, RA, and FHA claims against HUD will be dismissed without prejudice for lack of subject matter jurisdiction. All other claims against HUD and Humphries's claims against the individual Defendants will be dismissed with prejudice for failure to state a claim. The Court concludes that amendment would be futile because Humphries cannot cure the noted deficiencies in the Complaint. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002). An appropriate Order follows, which dismisses this case.[7]

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**Gerald J. Pappert, J.**

---

[7] Humphries's outstanding Motion to Self Recuse and Motion for Relief Under Statement of Interest will be denied as moot.